IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Glen Allen Stewart Jr., | ) | Civil Action No. 4:18-1021-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| M. Travis Bragg, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 12) recommending that Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 be dismissed without prejudice. For the reasons set forth below, the Court adopts the R & R as the order of the Court and dismisses the petition without prejudice.

I. **Background**[1]

Petitioner Glen Allen Stewart Jr. is a federal prisoner in custody in South Carolina at FCI-Bennettsville. In 2015, a jury in the Eastern District of North Carolina found Petitioner guilty of possession of a firearm and ammunition by a felon under 18 U.S.C. §§ 922(g)(1) and § 924(a)(2) (the Armed Career Criminal Act, "ACCA"). Petitioner was sentenced to 120 months in prison with three years of supervised release. The Fourth Circuit affirmed his conviction on October 13, 2015.

On June 20, 2016, Petitioner filed a motion under 28 U.S.C. § 2255 in the sentencing court. In addition to alleging ineffective assistance of counsel and prosecutorial misconduct, Petitioner argued that his sentencing enhancement under the sentencing guidelines was improper under

---

[1] The facts recited here preceding the filing of the present case are taken from sentencing court's ruling on Petitioner's original 28 U.S.C. § 2255 motion, No. 5:14-cr-0090-FL (Dkt. No. 170) (hereinafter "E.D.N.C. ECF").

*Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the ACCA was unconstitutionally vague. Prior to the sentencing court ruling, Petitioner filed a motion to amend in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), a Supreme Court case further explaining the application of the categorical approach to determine whether a prior conviction constitutes a violent felony under the ACCA.

On July 17, 2017, the sentencing court denied Petitioner's § 2255 motion, holding that *Johnson* does not apply to Petitioner's challenge since the Supreme Court recently held in *Beckles v. United States*, 137 S. Ct. 886 (2017) that the sentencing guidelines were not subject to a vagueness challenge. The sentencing court further held that Petitioner's arguments regarding *Mathis* were untimely since *Mathis* did not set forth a new rule of constitutional law and, regardless, had not been made retroactive to cases on collateral review.

On April 13, 2018, Petitioner petitioned for a writ of habeas corpus in this Court under § 2241. (Dkt. No. 1.) The sole ground for the petition alleges that the base level of Petitioner's offense was improperly enhanced under the sentencing guidelines, relying on *Johnson* and *Mathis*. (Dkt. No. 1 at 6–7.)

The Magistrate Judge issued a R & R on May 21, 2018, stating that Petitioner could not satisfy the criteria set forth by the Fourth Circuit to determine whether a § 2255 motion would be inadequate or ineffective to test the legality of a prisoner's detention. (Dkt. No. 12 at 2.) Specifically, the Magistrate Judge explained that Petitioner cannot demonstrate that the conduct for which he was convicted has been deemed non-criminal by any substantive change in the law, and the cases he relies on do not apply retroactively. (Dkt No. 12 at 5.) Therefore, the Magistrate Judge recommended that the petition be dismissed without prejudice. (Dkt No. 12 at 6.)

The Petitioner filed an objection to the R & R on June 15, 2018. (Dkt. No. 23.) In his objection, Petitioner renews his argument that his sentence was improper, relying on *Mathis*. (Dkt. No. 23 at 4.) Petitioner further notes that the Supreme Court has not ruled on whether *Mathis* applies retroactively, and cited to *Griffith v. Kentucky*, 479 U.S. 314 (1987) (discussing retroactivity on direct review) and *Teague v. Lane*, 489 U.S. 288 (1989) (plurality opinion articulating limited exceptions for retroactive application of new constitutional rules on collateral review) to argue that *Mathis* should apply retroactively.

## II. Legal Standard

The Magistrate Judge makes only a recommendation to this Court that has no presumptive weight. The responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which specific objection is made. Fed. R. Civ. P. 72(b)(2). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

The Petitioner here filed Objections to the R & R, and therefore his ground for relief is reviewed *de novo*.

## III. Discussion

As correctly noted by the Magistrate Judge, the Fourth Circuit recently articulated a four part test for the savings clause of § 2255 that a petitioner must meet to be able to contest his sentence under § 2241, holding that:

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Meeting the test for the savings clause is a jurisdictional requirement. *Id.* at 423 ("we hold that the savings clause is a jurisdictional provision.")

As the Magistrate Judge correctly noted, Petitioner appears to be able to demonstrate that his sentence was legal at the time of sentencing, and therefore the Petitioner meets the first part of the test.

Turning to the second prong, while not explicitly challenged in Petitioner's objection, the Magistrate Judge was correct that *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015) fails to help Petitioner. To begin with, *Johnson* was decided prior to Petitioner's appeal, and was fully addressed by the sentencing court. (E.D.N.C. ECF No. 170 at 13–14.) Furthermore, *Johnson* discussed a challenge to the ACCA, whereas Petitioner here challenges his sentence under the sentencing guidelines, which the Supreme Court held are not subject to the same challenge. *See Beckles v. United States*, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017).

Petitioner's objection under *Mathis v. United States*, 136 S. Ct. 2243, 2246, 195 L. Ed. 2d 604 (2016) similarly fails to meet the second part of the *Wheeler* test. First, Petitioner's argument under *Mathis* was presented to the sentencing court, which dismissed it as untimely, in part, because the decision did not set forth a new rule of constitutional law. (E.D.N.C. ECF No. 170 at 15–16.) Second, the Fourth Circuit is clear that "*Mathis* did not announce a substantive change to the law." *Muhammad v. Wilson*, 715 F. App'x 251, 252 (4th Cir. 2017). Finally, the Fourth Circuit

has held that *Mathis* does not apply retroactively on collateral review. *See Walker v. Kassell*, 726 F. App'x 191, 192 (4th Cir. 2018) ("[W]e affirm because the case upon which Walker relies, *Mathis*...has not been held retroactively applicable on collateral review, so Walker may not proceed under § 2241.") (citation omitted).

Petitioner cannot meet the second prong of *Wheeler*, since the cases he cites were addressed by the sentencing court, did not change the applicable substantive law, and *Mathis* does not apply retroactively. Therefore, this court lacks jurisdiction over Petitioner's § 2241 petition where he failed to demonstrate under *Wheeler* that filing a motion pursuant to § 2255 is inadequate or ineffective to test the legality of his sentence.

## IV. Conclusion

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 12) is **ADOPTED** as the order of the Court and Petitioner's petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED WITHOUT PREJUDICE.**[2]

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*,

---

[2] *Platts v. O'Brien*, 691 F. App'x 774 (4th Cir. 2017) ("However, because the district court lacked jurisdiction over [the] § 2241 petition...the dismissal of [the] challenges to his convictions and restitution order is without prejudice....").

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met because reasonable jurists would not find it debatable that Petitioner cannot meet the test laid out in *Wheeler*. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

July ___, 2018
Charleston, South Carolina